*George P. Stimson* and *Kittredge & Wilby,* for plaintiff in error.

*Jas. R. Jordan* and *Geoffrey Goldsmith,* contra.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

The plaintiff's testimony shows that the team was traveling on the righthand track of the street railroad, that the driver was expecting a car, and that there was nothing to prevent him from turning off the track if a car was discovered approaching.

It was his duty, therefore, to make use of his senses to ascertain if a car was approaching from behind. A prudent man exercising his ears and eyes with ordinary care would have discovered the car in time to avoid it, and the failure of the driver to see or hear anything when in full possession of his faculties, is no excuse if he or his property is thereby injured. *Railway Co.* v. *Elliott,* 28 O. S., 340.

The motion to arrest the case from the jury should have been sustained.

Judgment reversed and judgment for plaintiff in error.

---

## ACTION BEFORE JUSTICE OF THE PEACE FOR UNDETERMINED PROFITS.

Circuit Court of Knox County.

JAMES O'ROURKE v. W. I. EDWARDS.

Decided, October Term, 1907.

*Justices of the Peace—Proceedings on Error to—Correctness of Transcript can not be Questioned—Jurisdiction—Where the Action is for Undetermined Profits—Partnership—Accounting.*

1. Where a transcript from a justice of the peace is certified as true, its correctness can not be attacked in a court of review.
2. A justice of the peace has no jurisdiction of an action at law to recover earned profits due one member of a joint enterprise, until the amount of the profits have been determined by an accounting either between the parties themselves or by a court of competent jurisdiction.

*W. M. Koons,* for plaintiff in error.
*W. A. Hosack,* for defendant in error.

Donahue, J.; Taggart, J., concurs; McCarty, J., not sitting.
Error to Knox Common Pleas Court.

This proceeding in error is brought to reverse the judgment of
the common pleas court affirming the judgment of the justice
of peace rendered in an action before said justice, wherein Wil-
liam Edwards sued to recover from the plaintiff in error, James
O'Rourke, the sum of $152.30, upon the following bill of par-
ticulars:

"The plaintiff says that on the —— day of May, 1904, he be-
came engaged with the defendant in a certain business by virtue
of a certain verbal contract, by the terms of which the plaint-
iff was to receive one-half of the profits.  The plaintiff says that
the defendant received in cash out of said business the sum of
$1,295.65; that he received from one Bechtol $61.20, and rebate
on goods, $262; that the defendant paid out the sum of $1,020;
leaving net profit to defendant $588.85.  The plaintiff says that
he has only received $284.25, making a balance due plaintiff in
the sum of $152.30, which amount is due and unpaid."

The plaintiff in error did not appear before the justice of
peace at the time named on the summons, nor within one hour
thereafter, and thereupon the plaintiff was sworn and judgment
rendered in his favor for the amount asked with costs of the ac-
tion.  The defendant sought to appeal said cause.  The appeal
bond not having been filed, or at least not having been approved
within the time limited, no appeal was perfected, and error is
now prosecuted to reverse this judgment, together with the judg-
ment of the common pleas court affirming the same.

The first contention of the plaintiff in error is that the amend-
ed or corrected record filed in the common pleas court, in the
error proceedings in that court, is not a true and correct trans-
cript, and that the docket entries have been changed and muti-
lated so that such transcript is not a true transcript.  With that
contention this court has nothing to do at this time.  It is certi-

fied to be a true and correct transcript and is binding in an error proceeding upon this court, or any other court having jurisdiction in error only, and the remedy of the plaintiff in error, if any, must be against the justice and his bond for certifying falsely to such transcript.

The second contention is that the bill of particulars filed before said justice shows that the justice of peace had no jurisdiction of the cause; that such bill of particulars shows that the defendants were partners; that no partnership accounting had been had, and therefore no action at law would lie to recover the plaintiff's share of the profits until that share had been fixed and determined either by a mutual accounting between them, or by a court in a suit filed for that purpose. On the other hand it is insisted that because the averments of the bill of particulars do not show that the parties were to bear the loss as well as to divide the profits, that no partnership is stated, therefore no accounting is necessary. We are of the opinion, however, that the question of whether or not there was a partnership is of little or no importance. The plaintiff and defendant were each entitled to a one-half interest in the profits of the concern, and that must be determined in the same manner as if they had been partners to all intents and purposes. In other words, before the rights of either party could be fixed and determined, an accounting must be had. The reasons therefore are just as important and potential as if a partnership were admitted. In fact, the principle underlying this case is the same principle that controls partnership accounting.

This case, we think, is on all fours with the case of *Eagle* v. *Bucher,* 6 Ohio St., 296. There an association was formed by the subscription of stock and the adoption of a constitution to procure gold from the mines of California, and it was agreed that eight persons should be selected and sent to the California gold fields, furnished with outfits and money for their expenses, and upon their return they should account. Upon reaching California the eight persons failing to agree, partitioned their effects and each worked out in his own way and by his own efforts the purpose of the association. It was held that the per-

sons thus selected to labor for the association, though members of the association, stood also in the relation of employes of the association, and their -refusal after arriving in California to work together, and the partitioning among themselves of the property of the association, without its knowledge or consent, and with the view of doing their separate and independent labors, did not work a dissolution of the association and discharge them from their obligation to it under their contract, and that it was competent for the association to compel an accounting and payment by either of the eight of his earnings, while thus working separately, in favor of the other members of the association, or to sue either of them for a breach of his contract, at its election.

Conceding then that the plaintiff below, William I. Edwards, was an employe of this plaintiff in error, and that he was to receive for his services one-half of the profits of the business in which they were engaged, then it became, and was, necessary to determine what those profits were just as much as if they had been in fact full partners in profit and loss, and the partnership had earned profits and there had been no mutual accounting between the partners as to the amount of such profits, and until this profit is determined by an accounting, either between the parties themselves, or by a court of competent jurisdiction, no action will lie at law to recover either's share thereof from the other.

Therefore, we are of the opinion that the justice of the peace had no jurisdiction of the subject-matter of the suit, and the judgment of said justice is reversed, and the judgment of the common pleas court affirming the same is reversed, with costs. And coming now to render the judgment that the common pleas court should have rendered, said action of the plaintiff is dismissed without any order or judgment as to the costs in such action, and exceptions of the defendant in error are noted.